IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KAREN CUTRIGHT,**

      **Plaintiff,**

v.                              CIVIL ACTION NO. 1:04CV244
                                        (Judge Keeley)

**JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,**

      **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b), Federal Rules of Civil Procedure and Local Court Rule 7.02, on November 16, 2004, the Court referred this Social Security action to United States Magistrate John S. Kaull with directions to submit proposed findings of fact and a recommendation for disposition.

On February 6, 2006, Magistrate Kaull filed his Report and Recommendation and directed the parties, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e), Fed. R. Civ. P., to file any written objections with the Clerk of Court within ten (10) days after being served with a copy of the Report and Recommendation. The parties did not file any objections.

The Magistrate Judge determined that the record did not contain substantial evidence to support the ALJ's rejection of the

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

diagnosis of borderline intellectual functioning accompanied by a possible decline in cognitive ability or the ALJ's failure to consider that the evidence submitted to the Court might reasonably have changed the outcome of the case. Therefore, the Magistrate Judge recommended that the matter be remanded pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) for further proceedings before the Commissioner in accordance with the report and recommendation.

Upon consideration of the Magistrate Judge's recommendation and having received no written objections,[1] the Court accepts and approves the Report and Recommendation. Therefore, it is

**ORDERED** That Magistrate Judge Kaull's Report and Recommendation be accepted in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate. Accordingly,

1. The plaintiff's motion for Summary Judgment (Docket No. 9) is **GRANTED-IN-PART;**

---

[1] The failure of the parties to object to the Report and Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

2

KAREN L. CUTRIGHT  V. BARNHART                                    1:04CV244

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**
---

2. The defendant's motion for Summary Judgment (Docket No. 10) is **DENIED**;

3. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this matter is **REMANDED** to the Commissioner for further proceeding consistent with the recommendations contained in the Magistrate Judge's Report and Recommendation; and

4. This civil action is **DISMISSED WITH PREJUDICE** and **RETIRED** from the docket of this Court.

The Clerk of Court is directed to enter a separate judgment order. Fed.R.Civ.P. 58. If a petition for fees pursuant to the Equal Access to Justice Act (EAJA) is contemplated, the plaintiff is warned that, as announced in Shalala v. Schaefer, 113 S.Ct. 2625 (1993), the time for such a petition expires ninety days thereafter.

The Clerk of the Court is directed to transmit copies of this Order to counsel of record.

DATED: February _____21_____, 2006.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE

3